**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Robert Kenneth Deatherage,

    Petitioner,

v.

United States of America,

    Respondent.

No. CV-17-01587-PHX-GMS (JZB)
(No. CR-15-00924-2-PHX-GMS)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

   Movant Robert Deatherage has filed a Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255, seeking to vacate or set aside a sentence imposed by the Court. (Doc. 1.)[1]

**I.  SUMMARY OF CONCLUSION.**

   Movant argues counsel provided ineffective assistance by failing to work on his defense and pressuring him to plead guilty. Petitioner's statements during his change of plea proceeding and sentencing contradict his claims. Petitioner offers nothing more than conclusory assertions that are also refuted by the facts of his case. Petitioner's amended claim is meritless. The Court will recommend the Motion be dismissed.[2]

**II.  PROCEDURAL HISTORY.**

   On September 20, 2016, pursuant to a plea agreement, Movant pleaded guilty to

---

[1] Citations to "Doc." are to the docket in 17-01587 PHX GMS (JZB). Citations to "CR Doc." are to the docket in the underlying criminal case, CR-15-00924-PHX-GMS.
[2] Co-defendant Parris Frazier filed a nearly identical Petition and Amendment in CV 17-1618-PHX-GMS (JZB).

an Information charging a single count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i), and stipulated to a term of imprisonment of five years. (CR Doc. 113.)

On December 12, 2016, the Court sentenced Movant to a 60-month term of imprisonment followed by three years of supervised release. (CR Doc. 114.)

## III.   MOTION TO VACATE OR SET ASIDE SENTENCE.

### A.   Movant's Claims.

On May 22, 2017, Movant filed a Motion alleging four grounds for relief. (Doc. 1.) On May 31, 2017, the Court dismissed Grounds 1, 3, and 4. (Doc. 5 at 2-3.) "In Ground Two, Movant contends that he received ineffective assistance of counsel, asserting that his attorney 'never proved any weapon was ever involved,' 'never gave discovery evidence as requested,' never communicated with Movant, only wanted a plea agreement, and 'contrived and mis[]informed [Movant[ of [his] rights to appeal.'" (*Id.* at 2) On July 19, 2017, the Court granted Movant's request to amend his Petition. (Doc. 9.) On August 8, 2017, Movant filed an Amended Motion adding a claim of actual innocence and "clarified" his original ineffective assistance of counsel claim. (Doc. 8 at 1.)

On February 28, 2018, the government filed a Response. (Doc. 14.) Movant did not file a Reply.

### B.   Waiver and Procedural Bar

The government argues "Defendant waived challenges to his sentence and this Court should dismiss the § 2255 petition based on the waiver." (Doc. 14 at 4-5.) The government agrees that the "waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel" claim. (*Id.* at 5.) A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence through a plea agreement. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). But a plea agreement contains an invalid waiver if it is not entered into voluntarily and intelligently. *Hill v. Lockhart*, 474

U.S. 52, 56 (1985); *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of involuntariness of the waiver).

Here, liberally construing his Petition and Amendment, Movant argues that his plea was not voluntary because counsel did not communicate with him, misinformed him regarding his rights, and pressured him to take a plea. (Doc. 1 at 6; Doc. 8 at 3-5.) The Court previously dismissed three of Movant's substantive claims. (Doc. 5 at 2-3.) Movant's claims that attack the voluntariness of his plea are not waived. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective-assistance-of-counsel claim that challenges the voluntariness of the waiver).

**C.    Ground Two of the Petition.**

In Ground Two, Movant alleges his counsel was ineffective by (1) failing to disprove a weapon was involved in the crime, (2) not communicating with Movant and (3) misinforming Movant of his right to appeal. (Doc. 1 at 6.) In the Amended Motion, Movant adds "clarifications and additions" to his "ineffective assistance of counsel claim." (Doc. 8 at 1.) He adds that counsel (4) "did not even attempt to put together a theory to defend me," (5) failed to provide requested discovery "which will prove that no firearm was used in furtherance of a drug trafficking crime" (6) did not purse his "actual innocence claim" in the Amended Petition, (7) never interviewed the co-defendants or confidential informant. (*Id*. at 3-5.)

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Movant must show: (1) deficient performance—counsel's representation fell below the objective standard for reasonableness; and (2) prejudice—there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. A pleading defendant must prove he was

prejudiced from counsel's ineffectiveness by demonstrating a reasonable probability that but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland*, 466 U.S. at 694. "To determine the voluntariness of the plea, we look to the totality of the circumstances, examining both the defendant's 'subjective state of mind' and the 'constitutional acceptability of the external forces inducing the guilty plea.'" *Doe v. Woodford*, 508 F.3d 563, 570-72 (9th Cir. 2007) (citation omitted). Because "it is difficult to probe the highly subjective state of mind of a criminal defendant, the best evidence of his understanding when pleading guilty is found in the record of the Rule 11 colloquy." *United States v. Jimenez-Dominguez*, 296 F.3d 863, 869 (9th Cir. 2002).

Movant stated the following during the plea proceeding:

> THE COURT: All right. Were you able to communicate well with your lawyer?
>
> THE DEFENDANT: Yes. Absolutely.
>
> THE COURT: Have you been satisfied with the representation he's provided to you so far?
>
> THE DEFENDANT: With Mr. Tim Rogers, yes, I am.
>
> . . .
>
> THE COURT: First, that on or about July 22, 2015, in the District of Arizona, you knowingly possessed a firearm and, second, at the time you possessed the firearm, you knowingly carried it in relation to, or possessed it is furtherance of, a drug-trafficking offense, a felony prosecutable by a court of the United States.
>
> Did you understand these elements that I just shared with you?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: So those are the things the Government would have to prove at a trial in order to obtain a conviction against you. So those elements actually tell you what the crime is. They would have to prove, the Government would have to prove these two things beyond a reasonable doubt, that you possessed a firearm, you did, and that you possessed it, knowingly carried it in relation to, or possessed in relation to furtherance of a drug-trafficking offense.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, I do.

MR. ROGERS: Your Honor, if I may interrupt. The theory that the charge is based on that the Government believes they would be able to prove would be under a Pinkerton theory, that it wasn't him that possessed the firearm but that it was a co-defendant.

THE COURT: Okay.

THE DEFENDANT: Right.

. . .

THE COURT: Well, the reason that I spent so much time on this page nine, the paragraph ten, the factual basis, is that one of my jobs is to determine whether or not there is a basis-in-fact for a plea of guilty in case -- in the case, a basis-in-fact that would support a belief that a jury could come to the conclusion that the Government had proved each element of the charged offense beyond a reasonable doubt.

And so I'm going to ask you, do you believe that the factual evidence that we have discussed could lead a jury to conclude that the Government had proved its case, meaning that it had proved each element of the charged offense beyond a reasonable doubt?[3]

THE DEFENDANT: I do believe that, Your Honor.

THE COURT: Okay.

THE DEFENDANT: I do. That's why I – I accept the plea.

. . .

THE COURT: Okay. Now, we already talked about your rights at a trial and you told me that you wanted to give up your right to a trial. But the plea agreement also addresses your right to appeal. Normally, a person has the right to appeal any conviction, sentence or decision of the trial Court that the person thinks is wrong and that appeal is to a higher court. It's a different court, it's the Ninth Circuit Court of Appeals based in San Francisco or perhaps even the U.S. Supreme Court in Washington, DC. And if you couldn't afford the cost of the appeal or to pay for a lawyer, both of those would be provided to you at no expense.

But if you decide to plead guilty under the terms of your plea agreement, you will be giving up all of those appeal rights because the plea agreement includes a very broad waiver. It's in paragraph six, which starts in the bottom of page four. And it states that you waive any and all motions, defenses, probable cause determinations and objections that you could assert to the indictment or information and any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined including, but not limited to, any appeals under Title 18 of the United States Code, Section 3742 for sentencing appeals and motions under 28 United States Code, Sections

---

[3] The Court and Defendant spent considerable time discussing the facts Movant agreed were true and those he disputed. *See* Doc. 144 at 21-32.

2241 and 2255 for habeas petitions, and any right to file a motion for modification of sentence, including under Title 18 of the United States Code, Section 3582(c).

Do you understand all of these appeal rights that you would be giving up under the terms of your plea agreement?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: Is it your wish to give up all of those appeal rights?

THE DEFENDANT: Yes.

. . .

THE COURT: Okay. All right.

Are you ready for me to ask you how you wish to plead?

THE DEFENDANT: Yes.

THE COURT: How do you plead to the charge in the information which alleges that you have violated Title 18 of the United States Code, Sections – Section 924(c)(1)(A)(i), the Class A felony offense of possession of a firearm in furtherance of a drug-trafficking offense, guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

(CR Doc. 144 at 6, 12-13, 32-33, 41, 43.)

During sentencing, Movant had no factual objections to the Presentence Report and Court:

THE COURT: And does the defense have any objection to anything in the report?

MR. ROGERS: No, Your Honor. As far as the calculations and the factual information, we don't have any objection.

THE COURT: All right.

THE DEFENDANT: There are a couple minor discrepancies.

THE COURT: What are the minor discrepancies?

THE DEFENDANT: Right inner shoulder, it's my left; my sister has scoliosis, not multiple sclerosis.

THE COURT: Okay. So those are the two things that --

THE DEFENDANT: Yeah, just –

THE COURT: – you noted that were not correct?

THE DEFENDANT: Yeah, just a couple typos, yes.

THE COURT: Okay. Well, then I will assume that your sister has scoliosis and not multiple sclerosis, and that the wound that you've received is in your left shoulder, not your right shoulder.

THE DEFENDANT: Correct.

THE COURT: Aside from that, though, do you have any objections to anything in the report?

THE DEFENDANT: No. No, Your Honor.

THE COURT: Thank you.

. . .

THE COURT: All right. And aside from that, the defendant agrees to waive defenses and appeal rights, and – let's see – he agrees to forfeit any interest he has in certain items, and he agrees to make a full accounting of the assets; he agrees to waive any defenses, appeal rights, or rights to collaterally attack the sentence; and the United States agrees that he – to recommend up to three levels for his acceptance of responsibility, correct?

MS. JENNIS: Yes, Your Honor. And the United States will also dismiss the indictment after the defendant is sentenced. And I have compared what is listed to forfeit with what is listed in the presentence report, and they are identical.

THE COURT: All right. Thank you.

So you heard that recitation of the terms of your plea agreement, Mr. Deatherage, and is there anything about that you disagree with?

THE DEFENDANT: No, Your Honor.

. . .

THE COURT: And you don't deny that you're guilty of the crime for which I'm sentencing you, either, do you?

THE DEFENDANT: No, Your Honor. I take full responsibility. I should not have been with Mr. Frazier at all. I hadn't spoken with him for, like, a year and a half at that time, and I don't know, I – I thought we could rekindle an old friendship, but I was wrong.

(CR Doc. 137 at 4, 5-6, 12.)

Here, the record conclusively shows that Movant is not entitled to relief because he fails to prove either deficient performance or prejudice. Contrary to his statements and conduct during his plea and sentencing, Movant now submits only conclusory statements that counsel's performance was deficient. But Movant expressed no reservations regarding his attorney's representation during his guilty plea colloquy or during

sentencing. Movant agreed that he "communicate[d] well" with counsel and was "satisfied with the representation" he provided. (Doc. 144 at 6.) He agreed he was guilty of the offense. Movant's statements are afforded significant weight. *See United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001) (giving "substantial weight" to a defendant's in-court statements in determining whether a guilty plea was voluntary); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). Movant spoke at sentencing and expressed no reservations regarding his counsel or his agreement. (*Id.*) Movant had very specific factual objections regarding an injury to his shoulder and his sister's medical condition, but otherwise expressed no reservations regarding anything in the presentence report. (Doc. 137 at 4.) Movant agreed to a five-year sentence and knew he was giving up his right to appeal his case. (CR Doc. 137 at 6, 12.) In sum, Movant's plea and sentencing reflect a knowing, intelligent, and voluntary plea. *See also United States v. Lunsford*, 787 F.2d 465, 466 (9th Cir. 1986) (finding without a hearing that defendant's "guilty plea was entered voluntarily and knowingly" where defendant did not object during plea colloquy or sentencing); *Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (rejecting a movant's challenge to his guilty plea that was contradicted by his sworn statements during the change of plea hearing).

Also, the plea agreement required the government to dismiss Count One of the Indictment, which was a drug trafficking offense with a mandatory minimum of 10 years of imprisonment and a maximum of life imprisonment. (CR Doc. 10 at 2; Doc. 49.) In contrast, Movant's plea agreement stipulated to an imprisonment sentence of five years. Movant's claims that counsel should have proven a gun did not exist or developed a theory to defendant his are meritless in light of the record. Movant's counsel filed an affidavit contesting each of Movant's claims. Counsel states that he provided copies of the written disclosure and "met with Mr. Deatherage on multiple occasions." (Doc. 14-2, Ex. 2, at 2.) Counsel asserts that he reviewed Movant's trial and appeal rights, and that

Movant made a voluntary choice to plead guilty. (*Id.*) Counsel states that advised Movant's family of the status of the case and discussed with Movant "all his option and explained the consequences of each." (*Id.* at 3.) Movant did not file a Reply or subsequently contest these assertions. Movant presents nothing more than conclusory allegations that counsel failed to effectively represent him. A review of Movant's prior sworn statements, the merits of his plea agreement, the statements of counsel, and the lack of any evidence that counsel provided ineffective assistance renders Movant's claim meritless.

Movant also fails to establish prejudice. Importantly, Movant does not argue that he would not have pleaded guilty except for these errors, and the record demonstrates that he has failed to prove such a claim. In the Petition, Movant requests "a reduction in sentence, or reversal." (Doc. 1 at 10.) In the Amended Petition, Movant requests the "conviction and judgment be set aside as void, with prejudice." (Doc. 8 at 5.) Movant never claims that he would have proceeded to trial except for counsel's conduct. Movant does not argue how counsel's alleged deficiencies compelled him to plead guilty. Movant offers nothing more than his conclusory claims. *See Bell v. Cone*, 535 U.S. 685, 695 (2002) ("Without proof of both deficient performance and prejudice to the defense . . . the sentence or conviction should stand."); *United States v. Keller*, 902 F.2d 1391, 1394-95 (9th Cir. 1990) (finding petitioner failed to show prejudice where he avoid conviction on more serious charges).

### D.     Amended Petition – Actual Innocence.

In the Amended Petition, Movant argues that he is actually innocent because "Defendant/Movant was not sentenced to any predicate offense which is needed/required to sustain the 18 U.S.C. § 924(c)(1)(A)(i) violation and sentence." (Doc. 8 at 2.) Here, Movant pleaded guilty to an Information, while Count One (Conspiracy to Possess with Intent to Distribute Cocaine) was dismissed as a part of his plea agreement. (CR Doc. 113 at 4.) Movant's argument is meritless because the law does not require that Movant be convicted of the underlying offense; it only requires proof or an admission to the

underlying crime. *See United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989) ("a defendant charged with violating section 924(c)(1) must be proven to have committed the underlying crime, but nothing in the statute or the legislative history suggests he must be separately charged with and convicted of the underlying offense"); *United States v. Luong*, 610 Fed. Appx. 598, 600 (9th Cir. 2015) (citing *Hunter* and stating that the "government need only prove the commission of the underlying felony; it need not also charge the defendant accordingly."). Movant does not contest the sufficiency of the factual basis in his allegation. Instead, he asserts counsel should have pursued a dismissal because Movant was not convicted of a predicate offense in relation to his 18 U.S.C. § 924(c) conviction. Movant's claim is meritless and counsel was not ineffective for failing to pursue this claim.

   **E. Evidentiary Hearing.**

  The Court shall hold an evidentiary hearing on a Movant's Motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984). Here, the record conclusively shows Movant's counsel did not provide ineffective assistance.

  Accordingly,

  **IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (doc. 1) be **DENIED**.

  **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **DENIED** because Defendant has not made a substantial showing of the denial of a constitutional right.

\\\

\\\

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 1st day of June, 2018.

Honorable John Z. Boyle
United States Magistrate Judge